UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**EDGAR GRIFFIN,**

    **Plaintiff,**

v.

**MORRIS A. YOUNG, in his official capacity as Sheriff, GADSDEN COUNTY, FLORIDA,**

    **Defendant.**

_____/

CASE NO.:
FLA BAR NO.: 0739685

# COMPLAINT

Plaintiff, EDGAR GRIFFIN, hereby sues Defendant, MORRIS A. YOUNG, in his official capacity as Sheriff, GADSDEN COUNTY, FLORIDA, and alleges:

## NATURE OF THE ACTION

1. This is an action brought under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. §201 et seq., §216(b), and §215(a)(3).

2. This is an action involving claims which are, individually, in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, EDGAR GRIFFIN, has been a resident of the State of Florida and was employed by Defendant.

4. At all times pertinent hereto, Defendant, MORRIS A. YOUNG, in his official capacity as Sheriff, GADSDEN COUNTY, FLORIDA, has been organized

and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff began his employment with Defendant on or about October 2021, as a non-exempt, hourly employee and remains employed in this classification at the time of the filing of this lawsuit. He began as a pretrial release coordinator. He has since October 2021 reported to work at his office inside Defendant. He has been a full-time employee, meaning he worked at least forty hours a week, and often more. He has at all times reported to the management of Defendant. His duties typically included one or more of the following:

    a. managing and overseeing the process through which individuals charged with crimes are released from custody before their trial;

    b. conducting assessments of arrested individuals to determine their eligibility for pretrial release based on factors like the nature of the crime, risk of flight, threat to public safety, and likelihood of appearing for court dates.

    c. ensuring that individuals released under pretrial conditions are complying with those conditions, which may include regular check-ins, drug testing, curfews, and electronic monitoring.

    d. managing cases from the point of release until resolution, keeping detailed records of each case, and coordinating with other agencies such as courts, law enforcement, and social services;

    e. providing regular reports to judges or other judicial officers on the status and compliance of individuals under pretrial release;

    f. utilizing and possibly maintaining risk assessment tools that help in making informed decisions regarding who is eligible for pretrial release.

    g. working closely with prosecutors, defense attorneys, court personnel, and law enforcement agencies to facilitate the smooth operation of the pretrial release process;

    h. balancing the needs and rights of the accused with the safety concerns of the community;

    i. staying updated on best practices in pretrial services and undergoing relevant training.

7. He has always followed Defendant's rules and policies for employees, and been required to abide by them.  More specifically:

    a. Plaintiff had no opportunity to self-adjust his rate of pay, meaning he had no opportunity for profit or loss;

    b. The work relationship was ongoing and permanent;

    c. Defendant exercised complete control over the work, and Defendant's customs, practices, policies, and procedures, determined the work and how it was done;

    d. The work was and is an integral part of Defendant's business;

    e. Plaintiff was provided the tools, equipment, and software to do his work;

    f. His supervisors have always been employees of Defendant.

    g. The individuals who presented Plaintiff with a new sharply lower rate of pay and new, sharply reduced hours are employees of Defendant.

8. Plaintiff was initially paid approximately $26 an hour, working at least 40 hours a week, plus additional time at night and on weekends as he monitored individuals in the program. Defendant had actual knowledge of Plaintiff's regular hours worked – because his workplace office is near one or more of Defendant's senior command staff – and actual knowledge of his overtime hours because Plaintiff regularly submitted reports showing night and/or weekend hours worked.

9. From the beginning of his employment with Defendant, Plaintiff was not compensated for all hours worked. Indeed, Defendant entirely stopped paying Plaintiff in November 2023. He was not paid anything for November 2023, December 2023, January 2024, February 2024, March 2024, or April 2024.

10. In the spring of 2024, Plaintiff, voiced opposition to Defendants' stunning violation of state and federal wage and hour laws, and presented Defendant with a calculation of some of the hours he worked and for which Defendant had not paid him.

11. Rather than make Plaintiff whole, Defendant doubled down on its unlawful conduct. After – and only after - Plaintiff voiced opposition to the total nonpayment of wages, Defendant retaliated by substantially cutting his pay and his hours. In April 2024 Plaintiff was forced to sign an agreement cutting his hours to just three days a week, and his pay to $19.25 an hour. His duties are the same.

12. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

13. Paragraphs 1-9 and 12 are re-alleged and incorporated herein by reference.

14. Plaintiff was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff is entitled to minimum wage and overtime pay for all hours over forty (40) hours worked in a given week. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant. Further, Plaintiff is a covered individual within

the meaning of the FLSA.

15. Defendant was and is an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA. Alternatively, Defendant has annual volume in excess of $500,000 and has maintained at least that volume for five or more years preceding the events at issue here. Alternatively, Defendant is subject to the FLSA under one or more other provisions of the Act.

16. The Fair Labor Standards Act requires that employees be paid at least minimum wage for all hours worked, plus an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week.

17. Plaintiff has not been paid at least minimum wage for all hours worked, nor overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ her regular rate of pay.

18. Defendant knowingly and willfully failed to pay Plaintiff his lawfully earned overtime wages in direct contravention of the FLSA as evidenced by its failure to compensate Plaintiff in an amount equal to minimum wage for all hours worked, plus the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when it knew or should have known such was due and that non-payment would financially injure Plaintiff.

19. Further, and upon information and belief, during the course of Plaintiff's employment, the Defendant failed to maintain accurate and sufficient time records.

As a result of Defendants' failure to properly record, report, credit and/or compensate Plaintiff, Defendant has failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA.

20. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant.  Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court if necessary to amend this Complaint to set forth the precise amount due.

21. The acts of the Defendant constitutes a willful, deliberate, and intentional violation of the Fair Labor Standards Act.  Due to the intentional, willful and unlawful acts of the Defendant, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest.

22. Plaintiff is entitled to an award of his reasonable attorney's fees, costs and expenses, pursuant to 29 U.S.C. §216 (b) and all other applicable statutes.

## COUNT II
## RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

23. Paragraphs 1-6-, 9, 10, 11, and 12 are re-alleged and incorporated herein by reference.

24. At all relevant times, Plaintiff was an employee within the meaning of the FLSA, 29 U.S.C. § 203(e).

25. At all relevant times, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

26. Plaintiff engaged in protected activity under the FLSA by complaining he was not being properly paid for all earned wages and overtime, by informing the management about non-compliance with wage and hour regulations, and by objecting when Defendant acted to deprive Plaintiff of lawful compensation due.

27. After, and because of, Plaintiff's engagement in this protected activity, Defendant took adverse employment actions against Plaintiff, including but not limited to his firing.

28. The adverse action was a direct result of Plaintiff's engagement in protected activity and constitutes retaliation in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

29. As a direct and proximate result of Defendant's unlawful retaliatory actions, Plaintiff has suffered and continues to suffer, emotional distress, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses, as well as lost wages and benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience

to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest and liquidated damages where appropriate

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 3rd day of May 2024.


Respectfully submitted,

/s/ Marie A. Mattox, P.A.
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Email: jim@jimgarritylaw.com
Secondary email:
wanda@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF